IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

JERRY SZORC,

Plaintiff,

v.

VAPOR BUS INTERNATIONAL,

Defendant.

Case No. 1:13-cv-05755

**ANSWER TO COMPLAINT**

Defendant, Westinghouse Air Brake Technologies Corporation ("Defendant") incorrectly named in the Complaint as Vapor Bus International, by and through the undersigned counsel, hereby answers the Complaint at Law filed by Plaintiff, Jerry Szorc ("Plaintiff") as follows:

**Retaliatory Discharge**

1. Defendant admits that it employed Plaintiff from November 2000 through November 18, 2011. Defendant otherwise denies each and every allegation in Paragraph 1 of the Complaint.

2. Defendant denies the allegations in Paragraph 2 of the Complaint.

3. Defendant denies the allegations in Paragraph 3 of the Complaint.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and therefore denies the same.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and therefore denies the same.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and therefore denies the same.

7. Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant admits that on or about October 29, 2012, Plaintiff filed Workers' Compensation Claim No. 12 WC 037458. Defendant otherwise denies each and every allegation in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

## AFFIRMATIVE DEFENSES

1. To the extent, if any, that Plaintiff suffered any of the damages alleged in the Complaint, upon information and belief, he has failed to mitigate his damages.

2. To the extent, if any, that Plaintiff suffered any of the damages alleged in the Complaint, Plaintiff's own conduct was the proximate cause of such damages.

WHEREFORE, Defendant, Westinghouse Air Brake Technologies Corporation, respectfully requests that this Honorable Court enter an Order dismissing Plaintiff's Complaint in its entirety and with prejudice, awarding Defendant the costs and fees it incurred in responding to the Complaint, and for any other relief this Court deems fair and equitable.

Respectfully submitted:

WESTINGHOUSE AIR BRAKE TECHNOLOGIES, INC.

By: /s/ Hannah L. Kaplan
One of its Attorneys

James A. Burns, Jr.
Hannah L. Kaplan
REED SMITH LLP
10 S. Wacker Drive, 40th Floor
Chicago, Illinois 60606
(312) 207-1000
(312) 207-6547 [fax]
hkaplan@reedsmith.com

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on August 19, 2013, she caused the foregoing ***Answer to Complaint*** to be served upon all parties of record listed in the court's ECF system.

s/Hannah L. Kaplan

US_ACTIVE-113994978.1